# HUNTON

HUNTON ANDREWS KURTH LLP
60 STATE STREET
SUITE 2400
BOSTON, MASSACHUSETTS 02109

TEL  617 • 648 • 2800
FAX  617 • 443 • 5022

CHRISTOPHER M. PARDO
DIRECT DIAL: 617 • 648 • 2759
EMAIL: cpardo@hunton.com

November 19, 2025

**Via ECF**

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re:**   *Broker Genius Inc., d/b/a Automatiq et al v. Stoplight Ticket Management, Inc.*,
**Case No. 1:25-mc-00519-JRL (S.D.N.Y.)**

Dear Judge Rochon:

Pursuant to Local Rule 37.2, Spotlight Ticket Management, Inc. ("Spotlight") respectfully submits this letter brief in response to Broker Genius Inc. d/b/a Automatiq's ("Automatiq") request for a pre-motion conference regarding its contemplated motion to quash a Rule 30(b)(6) deposition subpoena properly served in a civil action styled, *Spotlight Ticket Management, Inc. v. Concierge Live LLC*, Case No. 2:24-cv-00859-WLH-SSC (C.D. Cal.) (the "Underlying Litigation"). Stripped of its bluster, Automatiq merely and without justification wants to avoid producing a Rule 30(b)(6) witness for deposition. It cannot.

In April of 2025, Spotlight served a subpoena *duces tecum* upon Automatiq in the Underlying Litigation. In response, Automatiq ultimately produced about 500 pages of documents relevant to the Underlying Litigation. Then on or about September 16, 2025, Spotlight issued a Rule 30(b)(6) deposition subpoena to Automatiq. (*See* ECF No. 3-1.) Counsel for Automatiq has refused to produce a corporate representative to sit for this Rule 30(b)(6) deposition. Automatiq has made one individual available for deposition – its Chief Product Officer, Drew Gainor – but only in his individual capacity. He will be deposed on November 21, 2025. Automatiq has rejected Spotlight's reasonable suggestion to have Mr. Gainor testify as Automatiq's corporate representative concurrent with his quickly approaching individual deposition.

**I.      The Underlying Litigation**

The central issue of Spotlight's claims in the Underlying Litigation is whether Concierge Live falsely advertised that its corporate ticket management service was integrated with Ticketmaster and other similar ticket providers, and that it had the same functionalities as Spotlight. Spotlight

# HUNTON

Hon. Jennifer L. Rochon, U.S.D.J.
November 19, 2025
Page 2

provides ticket and event management enterprise solutions. Since 2016, Spotlight has had an exclusive integration with Ticketmaster whereby Spotlight directly integrates its technology with Ticketmaster's software and systems platform for corporate ticket management. Since at least 2019, Concierge Live has falsely advertised and misrepresented that Concierge Live has the same functionality and integration with Ticketmaster as Spotlight. Most germane here, is that Concierge Live repeatedly stated in pleadings, initial disclosures, and discovery responses that its alleged integration with Ticketmaster is actually effectuated through the use of Automatiq's systems and services, and boasted that the companies shared common ownership.

### II.   Automatiq's Testimony is Obviously Relevant

There is no genuine dispute that Automatiq's technology is directly relevant to the Underlying Litigation. The litigation centers on whether and how Concierge Live is "integrated" with Ticketmaster and other ticket providers. Concierge Live has repeatedly represented that it is integrated with Ticketmaster *through Automatiq*. Automatiq's testimony is thus critical.

Concierge Live expressly asserted in its operative counterclaims that it is relying on Automatiq and Automatiq's internal "functionality" as the basis for its claim of Ticketmaster "integration." (*See, e.g*. Ex. 1 (Countercl. ¶¶ 15 ("Concierge Live has actual integration with the Ticketmaster market … via the leading marketplace integration platform, Broker Genius d/b/a Automatiq), 22 ("Concierge Live also integrates with Ticketmaster and other third-party ticket platforms, through Automatiq), 23 ("Automatiq provides its customers the functionality of 'automated inventory uploads and mobile ticket transfers with all major ticketing platforms.'"), 105 ("Concierge Live also has had an actual 'integration' with Ticketmaster, via the Automatiq service."), 109 ("Concierge Live has the required functionality through its ability to access Ticketmaster's APIs and through Automatiq.") In its sworn interrogatory responses, it represents that "Concierge Live has been integrated with Ticketmaster through … Broker Genius d/b/a Automatiq (December 2020 to the present)." (Supp'l Resp. Interrog. No. 3 (Confidential).) With respect to the disputed functionality described in the marketing materials at issue in the Underlying Litigation, Concierge Live represented that such "functionality can be provided through either Automatiq or the Ticketmaster APIs." (*Id*. No. 4.)

Thus, whether and how Automatiq "integrates" Concierge Live with Ticketmaster and others, and what that entails, is indeed relevant to "Concierge Live's alleged misrepresentations as they relate to Spotlight's false advertising claims," which Automatiq concedes is relevant. (ECF No. 1 at p. 2.) Despite Automatiq's claim to the contrary, "there is no absolute rule that party sources must be exhausted before calling upon third parties." *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, No. 19 MC 508-LTS, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020). In any event,

# HUNTON

Hon. Jennifer L. Rochon, U.S.D.J.
November 19, 2025
Page 3

Spotlight has already sought information from Concierge Live, but the information sought here lies exclusively within Automatiq's knowledge.[1]

### III.     Automatiq's Dispute Regarding Mr. Sherman and the Apex Doctrine Are Moot

Counsel for Spotlight *repeatedly* advised Automatiq's counsel that Spotlight would table Mr. Sherman's deposition until the completion of all other Automatiq depositions, as Mr. Sherman's deposition may prove unnecessary. Accordingly, the concerns regarding the Apex Doctrine and undue burden are not just moot, but a red herring as presented to the Court here.

### IV.     Automatiq Cannot Avoid a Rule 30(b)(6) Deposition

Given the weakness of its relevancy claim, Automatiq's main argument appears to be that "[a] Rule 30(b)(6) deposition is unnecessary when the same information can be obtained through an individual witness." (ECF No. 1 at p. 1.) It fares no better, as Automatiq offers no support for this proposition[2] and case law in this District provides directly to the contrary.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual." *Sabre v. First Dominion Cap., LLC*, No. 01CIV2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). It is "well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as an individual." *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). "[H]is answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre*, 2001 WL 1590544, at *1; *see also Marvel Enters.*, 2002 WL 1835439, at *2–3 ("The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents."). Mr. Gainor's individual testimony is not a reasonable substitute for a corporate representative. Spotlight is entitled to testimony of not just one individual's knowledge, but all knowledge reasonably available to Automatiq and to have that testimony to bind the company. Mr. Gainor could have been that witness, but Automatiq refused, instead engaging in this wasteful exercise despite Mr. Gainor's upcoming deposition.

---

[1] Notably, Automatiq is not a true arms-length third-party. As Concierge Live boasts to customers to show the closeness of the businesses, it has common shareholders with Automatiq and overlapping corporate officers. For example, one of Concierge Live's owners, Guinio Volpone also sits on the Board of Directors of Automatiq. *See* https://automatiq.com/company/; www.linkedin.com/in/guinio-volpone-8b8ab160/ (last viewed Nov. 19, 2025).

[2] The only case that Automatiq cites in this section, *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, has absolutely nothing to do with Rule 30(b)(6) depositions. No. 07 CIV. 9580 (HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008).

# HUNTON

Hon. Jennifer L. Rochon, U.S.D.J.
November 19, 2025
Page 4

                        Respectfully submitted,

                        */s/ Christopher M. Pardo*
                        Christopher M. Pardo, Esq.
                        Shawn Patrick Regan, Esq.
                        HUNTON ANDREWS KURTH LLP
                        *Counsel for Spotlight Ticket Management, Inc.*

cc: Counsel of Record